# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 02-0114-01-CR-W-NKL |
| James R. Nichols, Robert Gomez, | ) |
| Gwendolyn Baker and Corrine Conway, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Before the Court is Defendant James Nichols' Application for Certificate of Appealability under 28 U.S.C. § 2253(c)(2) [Doc. # 412].

On December 4, 2009, the Court issued an order addressing Nichols' Petition for Writ of Error *Coram Nobis* and/or *Audita Querela*. In the Order, the Court found that *coram nobis* relief was unavailable, but construed Nichols' request for *coram nobis* relief as a motion for relief from sentence under 28 U.S.C. § 2255. Because Nichols' motion was filed over three years after his conviction was affirmed on appeal, the Court found that any § 2255 motion for habeas corpus relief was time-barred. While the Court went on to consider the merits of Nichols' claims on his request for relief under *audita querela*, the Court did not reach the merits of Nichols' motion with regard to § 2255.

Where district courts deny habeas corpus relief on procedural grounds, a defendant moving for a certificate of appealability must make a "substantial showing" that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Eighth Circuit has clarified:

> 1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted.

*Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006) (citation omitted). Nichols has failed to make a "substantial showing" that jurists of reason would find it debatable whether his claim was procedurally defaulted; even if he could have shown otherwise, under the facts of this case, no reasonable jurist would find Nichols' substantive § 2255 claims debatable. *See generally* [Doc. # 410, Order on Nichols' Petition for Writ of Error ... (discussing merits of Nichols' arguments with respect to his petition for relief under *audita querela*)][1] ; *Pamperin v. United States*, Nos. C 07-3077-MWB, CR 03-3069-MWB, 2009 WL 3010539, at *10-13 (N.D. Iowa Sept. 16, 2009) (discussing applicability of *United States v. Santos*, 128 S. Ct. 1994 (2008) to § 2255 petitions).

---

[1] Nichols' appears to raise a new argument – one not discussed in his underlying Petition for Writ of Error – in his Application for Certificate of Appealability: an argument that there was no evidence that the funds at issue were "profits" from money laundering. This argument is not properly raised in an application for a certificate of appealability and the Court does not consider it.

Therefore, Nichols' Application for Certificate of Appealability of a § 2255 motion [Doc. # 412] is DENIED.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: February 16, 2010
Jefferson City, Missouri